IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENSYLVANIA

_____

| | |
|---|---|
| JEREMY W. WOODHOUSE : | |
| 103 Colleen Drive : | |
| Blakeslee, PA  18610 : | |
| *Plaintiff* : | |
| : | No. |
| Vs. : | |
| : | |
| Zukhriddi Makhkamov : | |
| 134 Bay 26th St. 3C : | |
| Brooklyn, NY  11314 : | |
|        And : | |
| TOJ Logistics Inc. d/b/a : | |
|  Reliable Trans Express : | COMPLAINT |
| 120 Aster Drive : | |
| Apartment 2211 : | |
| Schaumburg, IL  60173 : | |
| *Defendants* : | |

_____

## COMPLAINT

1. Plaintiff, Jeremy Woodhouse, is an adult individual residing at 103 Colleen Drive, Blakeslee, PA  18610.

2. Defendant, Zukhriddi Makhkamov (hereinafter "Defendant Makhkamov"), is an adult individual residing at 134 Bay 26th St. 3C, Brooklyn, NY  11314.

3. Defendant, TOJ Logistics Inc. d/b/a Reliable Trans Express (hereinafter Defendant "TOJ") is a corporation authorized by the Federal Motor Carrier Safety Administration to carry freight in interstate commerce under U.S. DOT # 3154821 with a registered corporate address at 120 Aster Drive, Apt. 2211, Schaumburg, IL  60173.  At all times relevant, and specifically on April 28, 2021, Defendant, Makhkamov was operating a tractor or other similar commercial motor vehicle that was owned by Defendant TOJ.

4. At all times material to Plaintiff's cause of action, Defendant Makhkamov was the

agent, ostensible agent, or employee of Defendant TOJ and was acting within the course and scope of his employment relationship and/or agency relationship with Defendant TOJ.

5. On or about April 28, 2021, at approximately 4:50 pm, Plaintiff Woodhouse was stopped at a steady red light on SR903 and Lake Harmony Road in Kidder Township, Carbon County, PA.

6. At the aforementioned date and time, Defendant Makhkamov was operating TOJ's tractor on SR903 immediately behind Plaintiff's vehicle and failed to come to a complete stop due to a red traffic signal when, suddenly and without warning, Defendant Makhkamov caused the tractor to violently collide with Plaintiff Woodhouse vehicle at a high rate of speed.

7. As a direct result of his role in causing the crash, Defendant Makhkamov was charged with the following violation: 75 Pa.C.S. 3361- Driving vehicle at a safe speed.

8. As a result of the negligence of Defendants, Plaintiff Woodhouse suffered serious, painful and permanent personal injuries to be described in further detail herein.

## COUNT I- NEGLIGENCE
## PLAINTIFF v. DEFENDANT, ZUKHRIDDIN MAKHKAMOV

9. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if same were set forth herein at length.

10. The aforementioned collision was caused by the negligence, carelessness and recklessness of the Defendant, Zukhriddin Makhkamov, as follows:

   (a) in failing to maintain a proper lookout for other vehicles on the roadway;

   (b) in failing to have his commercial motor vehicle under proper and adequate control under the circumstances existing at the time;

   (c) in failing to keep his commercial motor vehicle under proper control;

   (d) in failing to provide warning of an impending collision;

(e) in failing to maintain a safe following distance behind Plaintiff's vehicle;

(f) in operating his commercial motor vehicle without due regard for the rights, safety and position of the Plaintiff at the point aforesaid;

(g) in operating his/her commercial motor vehicle at a high and excessive rate of speed under the circumstances and for the conditions existing at the time;

(h) in failing to exercise due care and proper judgment in an attempt to avoid a crash;

(i) in operating his/her commercial motor vehicle while distracted;

(j) in failing to maintain a safe following distance in violation of 75 Pa.C.S.A § 3361 which constitutes negligence *per se*;

(k) in operating a commercial vehicle in violation of FMCSR and/or internal safety regulations and procedures for operation of the tractor, the trailer, and the load over public highways;

(l) in otherwise committing such other acts or omissions which constitute negligence, carelessness, reckless and/or indifference to the safety of other motorists, such as the Plaintiff, as shall appear through the course of discovery and/or trial; and

(m) in otherwise being negligent under the circumstances.

11. The negligence of the Defendant Makhkamov was the direct and proximate cause of the serious and permanent injuries suffered by Plaintiff Woodhouse, which include but are not limited to neck pain, left knee pain, bilateral knee contusions, large hematoma to the left knee, aggravation of bilateral knee arthroscopy, arthralgias, joint swelling, myalgias, headaches, post-

concussion syndrome, and cervical radiculopathy.

12. As a result of the above injuries, Plaintiff has undergone great physical pain and mental anguish and he may continue to endure the same for an indefinite time in the future to his great detriment and loss.

13. As a result of the above injuries, Plaintiff has incurred medical treatment and medical bills to his financial detriment, and he will continue to incur such expenses in the future.

14. As a result of the above injuries, Plaintiff was unable to attend to his usual duties, and activities and may be unable to attend to same for an indefinite period of time in the future.

15. As a further result of the accident aforesaid, Plaintiff has suffered monetary loss in the form of lost wages and loss of earning capacity all to her great detriment and loss.

**WHEREFORE,** Plaintiff demands judgment against Defendant Zukhriddin Makhkamov, jtly and severally, in the form of compensatory damages in an amount in excess of the statutory limit for arbitration, together with interest and costs.

### COUNT II – NEGLIGENCE
### PLAINTIFF VS. TOJ LOGISTICS INC. D/B/A RELIABLE TRANS EXPRESS AND RELIABLE TRANS EXPRESS

16. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if same were set forth herein at length.

17. Defendants TOJ and Reliable Trans Express are vicariously liable for the negligent actions of Defendant Makhkamov as described in paragraph 10 above due to the fact that Defendant Makhkamov was acting in the course and scope of his employment with Defendants TOJ and Reliable Trans Express at the time of the aforesaid crash and was operating a vehicle owned by Defendants TOJ and Reliable Trans Express.

18. Defendants TOJ and Reliable Trans Express are independently liable to Plaintiff

for personal injurydamages, which were proximally and directly caused by Defendant's own negligence in:

 (a) Allowing Defendant Makhkamov to operate the aforesaid commercial vehicle when they knew or should have known that he intended or was likely to use the vehicle in a manner as to create an unreasonable risk of harm to others,including the Plaintiff;

 (b) Allowing Defendant Makhkamov to operate the aforesaid commercial vehicle when they knew or should have known that he was not qualified to do soin a safe manner;

 (c) Failing to provide Defendant Makhkamov with proper training before allowing him to operate the aforesaid commercial vehicle;

 (d) Failing to properly inspect and maintain the aforesaid commercial vehicle;

 (e) Failing to ensure that the aforesaid commercial vehicle was in compliance with all applicable FMCSA regulations; and

 (f) Allowing Defendant Makhkamov to operate a commercial vehicle in such amanner that it created an unreasonable risk of harm to others, including Plaintiff.

19. The negligence of the Defendants TOJ and Reliable Trans Express was the direct and proximate cause of the serious and permanent injuries suffered by the Plaintiff Woodhouse as described inparagraph 11 above.

20. As a result of the above injuries, Plaintiff has undergone great physical pain and mental anguish and he may continue to endure the same for an indefinite time in the future to his great detriment and loss.

21. As a result of the above injuries, Plaintiff has incurred medical treatment and medical bills to his financial detriment, and he will continue to incur such expenses in the future.

22. As a result of the above injuries, Plaintiff was unable to attend to his usual duties, and activities and may be unable to attend to same for an indefinite period in the future.

23. As a further result of the accident aforesaid, Plaintiff has suffered monetary loss in the form of lost wages and loss of earning capacity all to her great detriment and loss.

**WHEREFORE,** Plaintiff demands judgment against Defendants TOJ and Reliable Trans Express, jointly and severally, in the form of compensatory damages in an amount in excess of the statutory limit for arbitration, together with interest and costs.

**STARK & STARK, P.C.**

By: _____
    IAN S. ABOVITZ, ESQ.
    777 Township Line Rd., Suite 120
    Yardley, PA  19067
    (267) 907-9600 Telephone
    (267) 907-9659 Facsimile
    iabovitz@stark-stark.com

*Attorneys for Plaintiff*